73882. ARRE INDUSTRIES, INC. v. ARALMEX, S.A. DE C.V.
(353 SE2d 94)

DEEN, Presiding Judge.

Appellant Arre Industries, Inc. (Arre), headquartered in Fulton County, sells shock-absorbers for high-performance automobiles. The manufacture of the shock-absorbers is sub-contracted by Arre to suppliers in this country and, as in the instant case, abroad. Arre began doing business with appellee Aralmex in late 1978 or early 1979.

In March of 1982 Aralmex delivered and invoiced an order which Arre had placed approximately one year earlier. As on all previous invoices contained in the record, the billing (stated as $23,383.65) was rendered in American dollars; also as on all previous invoices, the March 1982 invoice, pursuant to Mexican customs laws, bore a statement as to the current exchange rate between the U. S. dollar and the Mexican peso, and the current value of the shipment in Mexican currency, stated as 938,853.55 pesos. Arre made no payment on this

invoice for approximately one year. On two dates in March and April of 1983 Arre made payments in Mexican pesos totaling 938,853.55 pesos, or $6,271.83 in American dollars — the amount in pesos being that shown in the customs statement on the March 1982 invoice. The dollar value of the actual payment, however, was calculated at the rate of exchange in effect in the Spring of 1983 rather than that quoted on the invoice. When the bill was rendered in March 1982 the peso had been worth approximately 2 and ½ cents; at the time payment was made, the peso had fallen to a value of approximately ½ cent, with the result that the payment made in pesos represented only about 20 to 25 percent of the dollar value of the merchandise as invoiced at the time of delivery.

Aralmex demanded payment of the $17,111.82 balance, but Arre declined to pay any more, contending that at the time the contract was negotiated in 1978 or 1979, a representative of Aralmex had agreed that payment would be accepted in either dollars or pesos, and that Arre had therefore fully paid the amount due. Aralmex filed suit for the balance and subsequently moved for summary judgment. The Fulton County State Court granted the motion, and on appeal Arre enumerates five errors, the gist of each being that the trial court erred in holding that the amount due on the invoice involved here was stated in, and was therefore payable in, American dollars. *Held*:

It is clear from our examination of the record, including the pleadings, the affidavits, the depositions, and other documents, that under relevant principles of law and equity the amount owed by appellant to appellee was $23,383.65 in American dollars, whatever its equivalent in Mexican currency might have been at any particular time. Appellant produces no contract setting forth the terms of the transaction; it offers no corroborating evidence, such as affidavits or deposition testimony, of any collateral oral agreement regarding method of payment; it shows no course of dealing establishing a precedent for payment in pesos rather than dollars; it provides no plausible explanation (other than that sufficient cash for payment was unavailable at the time of delivery and billing) for the year-long delay in tendering payment.

We find no genuine issue of material fact and conclude, on the basis of our review of the record, that the statutory criteria for the award of summary judgment were satisfied. OCGA § 9-11-56. There is no merit in any of appellant's repetitious enumerations of error.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1987.

*Lauren O. Buckland*, for appellant.

*John G. Barrett, Winston H. Morriss,* for appellee.